■ THELMA BOTSFORD, as Administratrix of the Estate of DUANE D. BOTSFORD, Deceased, et al., Plaintiffs, v. LIBERTY BELL BAKERY, INC., Defendant and Third-Party Plaintiff-Appellant; and SEILER, NAKROSIS & KERNER et al., Respondents; GROSS-GARIGLIANO, INC., Third-Party Defendant-Respondent.— Appeal by the defendant, Liberty Bell Bakery, Inc., from so much of a judgment of the Supreme Court, entered April 30, 1971 in Sullivan County, as dismissed its cross claims and third-party complaint. The cross claims and third-party complaint sought to be reviewed upon this appeal were solely based upon an implied right of indemnity arising from the active-passive dichotomy applicable to joint tort-feasors prior to the apportionment of damages among joint tort-feasors initiated by the decision in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). The record establishes that after a trial a jury found that the plaintiffs had suffered damages in a certain amount because of the active negligence of the defendant Liberty Bell Bakery and the respondent, Seiler, Nakrosis & Kerner (hereinafter Seiler). The jury found that there was no cause for action by the plaintiffs as against the defendant Killian Construction Corp., and the trial court, having reserved to itself the determination of the cross claims and the third-party complaint, found that, because Liberty Bell's liability was based upon active negligence, the claims had no merit. Judgment was entered in accordance with the jury verdict and the trial court's decision. After the judgment was entered, Liberty Bell and Seiler filed notices of appeal and by continuing negotiations with the plaintiffs the amount to be paid by each of the tort-feasors in settlement of the judgment was agreed upon. Thereafter, the court approved the offers of settlement and in its order of approval directed the plaintiffs to execute a

stipulation of discontinuance. On February 28, 1972 a stipulation discontinuing the action of *Botsford* v. *Liberty Bell, Seiler & Killian Constr. Corp.,* was executed by the attorney for plaintiffs and the attorneys for Liberty Bell and Seiler. Prior to this appeal being argued before the court upon the merits, a motion was made to dismiss it upon the primary ground that the stipulation of discontinuance, as a matter of law, terminated the appeal. The motion was denied and thus brought the issue, by direct appeal, to the court. The stipulation of discontinuance and settlement with the plaintiffs are fatal to Liberty Bell's present attempt to receive an apportionment of the respective liability of itself and its codefendants and third-party defendant based upon the decision in *Dole* v. *Dow Chem. Co.* (*supra*), handed down on March 22, 1972. In *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25) the court held that the *Dole* apportionment would be applicable to any case not finally determined prior to the date *Dole* was decided (March 22, 1972). However, in *Codling* v. *Paglia* (32 N Y 2d 330, 344) the court determined that where a defendant had settled with a plaintiff prior to the *Dole* decision and in reliance upon the law as it stood at the time of settlement, *Dole* would not thereafter be applicable. In the case at hand, both Liberty Bell and Seiler settled directly and jointly with the plaintiffs; at the time the settlement was reached, both parties had appeals pending from the verdict of the jury. As the trial court had dismissed all claims for indemnification, the final settlement contained no provisions for releases as among the several defendants and the third-party defendant. In rendering its settlement payment, Liberty Bell and Seiler relinquished their rights to take an appeal from the jury verdict on the liability and damage issues. In fact, a stipulation of discontinuance was executed by the counsel for the plaintiffs and counsel for Liberty Bell and Seiler. Seiler points out that thereupon it reasonably believed that the matter had been terminated, a belief in which counsel persisted until disabused by the receipt, almost two years later, of Liberty Bell's appendix and brief. While the present circumstances of the settlement by Liberty Bell are not precisely the same as in the *Codling* case, nevertheless, the clear intent to end the matter by joint and equal payments should not now be upset by the fortuitous intervention of a judicial decision, and in that respect the application of the *Dole* principles would be as inappropriate as in the *Codling* case. The remaining contentions of Liberty Bell are without any substantial merit. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.